elevàtion in progress the ground was rough and uneven and care was required in walking over it, that decedent was obliged to cross the tracks and that his companion saw no headlight and heard no warning signal before the accident, the evidence was *held* to support a verdict for plaintiff.

2. NEGLIGENCE, § 182*—*when evidence as to habits for care admissible.* In an action for the wrongful death of a railway employee who was struck by an engine while crossing defendant's tracks at night, evidence as to the habits of decedent for care and caution are admissible, there being no eyewitnesses, neither the engineer on the train nor decedent's companion, who had immediately preceded him across the tracks and barely escaped being struck, having actually seen the accident.

3. NEGLIGENCE, § 182*—*when not essential to show habits of decedent as to sobriety.* In an action for the death of an employee, where there were no eyewitnesses to the accident, evidence as to the habits of decedent for care and caution is not rendered incompetent because there was not also testimony as to habits of sobriety.

4. DEATH, § 67*—*when damages not excessive.* A verdict of three thousand dollars in an action for the wrongful death of a switchman, where the widow testified that her only source of income was what her husband made, is not excessive.

5. INSTRUCTIONS, § 151*—*when properly refused as embodied in other given.* Instructions requested by defendant as to the duty to exercise care toward decedent are properly refused where they cover essentially the same point included in the instructions given in behalf of the plaintiff.

---

Truax Greene & Company, Defendant in Error, v. M. E. Emrick, Plaintiff in Error.

Gen. No. 20,786.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 26, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action by Truax Greene & Company against M. E. Emrick in the Municipal Court of Chicago. The defendant failed to file the stenographic report within thirty days from the entry of judgment. By order of the court the time for filing was extended to ninety days from the entry of judgment *nunc pro tunc*.

BECKMAN, COTTRELL & PHILLIPS, for plaintiff in error.

H. A. BARNHARDT, for defendant in error.

PER CURIAM.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 26*—*when stenographic report stricken*. Where there is nothing in the record to justify the trial court in granting an extension of the period for filing a stenographic report after thirty days had expired from the entry of the judgment, which order was filed *nunc pro tunc* as of a date within that period, the stenographic report will be stricken.

2. MUNICIPAL COURT OF CHICAGO, § 31*—*when judgment affirmed*. Where there are no errors assigned which can be considered in the absence of the stenographic report which this court has stricken from the record, because not signed or filed within thirty days after entry of judgment of such court, the judgment will be affirmed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.